ALLIE KOLET, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 32803.) — Appeal from a judgment of the Court of Claims, awarding claimant $10,453 for personal injuries and property damage. A cement State highway with curbed sides passes through the Village of Sherburne. As a result of a heavy rain the previous night, on the morning of July 17, 1952, water had accumulated on one part of this highway to a depth of several inches and extending for approximately one hundred feet. As claimant drove into the water at five to eight miles per hour, he was temporarily blinded by water splashed into his face through his completely opened left front window by an auto proceeding in the opposite direction. He lost control of his auto and it struck a telephone pole, injuring him and damaging his car. Although there was testimony that the village and not the State controlled the curbs, the duty to maintain the drainage of the highway was acknowledged to be in the State by an assistant civil engineer of the Department of Public Works who testified on behalf of the State. The State had installed grates in the curbs on each side of the highway in the area here involved and had connected each one to a six inch tile pipe which emptied into a fifteen inch tile pipe. For several years prior to 1952, water had accumulated on the highway after every heavy downpour and the State, through its employees, was cognizant of this condition. The Court of Claims held, in effect, that the State was negligent in failing to correct the condition and in failing to warn the users of the highway of the condition. However, since the accumulation of water, on the morning of this accident, was plainly visible it was sufficient in itself to give warning to drivers approaching it and therefore failure to give other warning of its presence cannot be held to be the proximate cause of the accident. The Court of Claims also found that claimant was free from contributory negligence. With this we do not agree. Claimant plainly saw the water, had slowed down the speed of his auto and had almost passed through the accumulation. As the morning was clear, the road straight and level and no traffic in the vicinity except the approaching auto, claimant saw or should have seen the other vehicle. He should have realized that the approaching auto would cause water to be splashed into his open window to such an extent that his driving ability might be affected. His failure to close the window and avoid being hit by the splashing water constituted carelessness and was a proximate cause of the accident. Judgment reversed upon the law and facts, and claim dismissed, without costs. Settle order on notice. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.